FILED
SUPERIOR COURT
OF GUAM

2019 OCT -3 AM 10: 46

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>**JASON TAIMANGLO,**<br>DENNIS DELOSARIO DIZON, and<br>MELVIN SABLAN LEON GUERRERO,<br><br>Defendants. | CRIMINAL CASE NO. CF0742-18<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on July 26, 2019, for hearing on Defendant Jason Taimanglo's ("Defendant") First Motion to Sever Charges ("Motion to Sever"). Defendant was present with counsel, Attorney William B. Pole, and Assistant Attorney General Leonardo M. Rapadas was present on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On December 21, 2018, Defendant and co-defendants, Dennis Delosario Dizon, Steven James Sablan Leon Guerrero, and Melvin Sablan Leon Guerrero, were each charged with (1) Burglary (As a Second Degree Felony) – 4 Counts; (2) Theft by Receiving (As a Second Degree Felony) – 4 Counts; (3) Theft (As a Second Degree Felony) – 4 Counts; (4) Attempted Theft (As a Second Degree Felony); and Criminal Trespass (As a Misdemeanor) – 4 Counts.[1]

---

[1] These charges are reflected against Defendant as Charges Sixteen through Twenty. *See* Indictment at 22-28.

(Indictment, Dec. 21, 2018). These charges stem from allegations that defendants broke into and stole property from Reaction Co., Inc. in Tiyan, Black Construction Company job site in Dededo, Guam Customs and Quarantine Agency warehouse in Barrigada, and Black Construction Company property in Yigo, in August, October, and November 2018. *See* Decl. of Sean Brown, Magistrate's Compl., Dec. 14, 2018). The Indictment further alleges that Defendants attempted to steal property from Guam Power Authority Substation, MongMong in November 2018. *See* Indictment, Dec. 21, 2018. All charges relating to co-defendant Steven James Sablan Leon Guerrero were severed on July 31, 2019. *See* Order, Jul. 31, 2019.

On January 23, 2019, Defendant filed the instant Motion. On July 10, 2019, the Government filed its Opposition, and on July 12, 2019, Defendant filed his Reply. None of the co-defendants have joined in Defendant's Motion to Sever.

On July 26, 2019, the Court heard further arguments on the Motion, and subsequently placed the matter under advisement.

## DISCUSSION

Defendant moves the Court to sever each of the four counts of Charges Sixteen, Seventeen, Eighteen, and Twenty from each other; and for Charge Nineteen to be severed from all charges. *See generally*, Mot. Sever, Jan. 23, 2019. In total, Defendant moves for all charges and counts to be severed into five (5) different trials, pursuant to 8 G.C.A. § 65.35. *Id.* The Government opposes, arguing that the charges are properly joined and that Defendant will suffer no prejudice from such joinder. *See generally*, Opp'n, Jul. 10, 2019. Defendant also moves the Court to sever his trial from co-defendant Dizon.[2] *See* Mot. Sever at 4-5. The Court will first address whether severance of the offenses is appropriate.

Under Guam law, two or more offenses may be charged in the same indictment "if the offenses charged are of the same or similar character or based on the same act or transaction or

---

[2] Defendant also moves the Court to sever his case from any co-defendant who has asserted. *See* Mot. Sever at 5. The Court finds that this portion of the Motion to Sever to be moot because no defendants are asserted at this time.

on two or more acts or transactions connected together or constituting parts of a common scheme or plan." 8 G.C.A. § 55.35.[3]  Severance may be appropriate, however:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

8 G.C.A. § 65.35.[4]

To determine whether offenses are properly joined, courts traditionally consider "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." *United States v. Taylor*, 54 F.3d 967, 973 (1st Cir. 1995) (citations omitted).  Furthermore, "the validity of the joinder is determined solely by the allegations in the indictment." *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007) (citing *United States v. Terry*, 911 F.2d 272 (9th Cir. 1990)).  "[T]he primary purpose of Rule 8(a) joinder is to ensure that a given transaction need only be proved once. . . . Where there is substantial overlap in evidence between two offenses, joinder eliminates the need to prove substantially the same evidence twice over, thus realizing precisely the kind of economy envisaged by Rule 8(a)." *Howerton v. United States*, 964 A.2d 1282, 1292 (D.C. 2009) (citations, internal quotation marks, and alterations omitted). *See also Terry*, 911 F.2d at 276 ("When . . . joined offenses are not connected and are not provable by the same evidence, joinder is improper."). Rule 8(a) is "construed broadly in favor

---

[3] Section 55.35 is substantially the same as Rule 8 of the Federal Rules of Criminal Procedure, which provides:

> (a) Joinder of Offenses.  The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8.

[4] Section 65.35 is substantially similar to Rule 14 of the Federal Rules of Criminal Procedure, which provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

of initial joinder." *United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993) (citation omitted). *See also United States v. Boulanger*, 444 F.3d 76, 87 (1st Cir. 2006) (construing Rule 8(a) generously in favor of joinder).

Here, Defendant argues that the facts forming the basis of the charges do not "support keeping these charges together" and instead "support separating the charges by victim and date." (Reply at 4-5, Jul. 12, 2019). Defendant sets forth that "the only similarity is . . . that four of the charges stem from four different alleged burglaries and charge of attempted theft, again involves a different date and a different victim." *Id.* at 4. The Government disagrees, arguing that "the same defendants identify each other as responsible for all the burglary charges" and that "[s]pecific evidence, physical and oral, tie each defendant to this string [of] burglaries and thefts." (Opp'n at 4).

In this case, Count One to the Sixteenth Charge, Seventeenth Charge, Eighteenth Charge, and Twentieth Charge alleges offenses occurring on the 13th day of August, 2018, at Reaction Company, Inc. (Indictment, Dec. 21, 2018). Count Two to the Sixteenth Charge, Seventeenth Charge, Eighteenth Charge, and Twentieth Charge alleges offenses occurring on the 20th day of August, 2018, at Black Construction Co., Dededo. *Id.* Count Three to the Sixteenth Charge, Seventeenth Charge, Eighteenth Charge, and Twentieth Charge alleges offenses occurring on the 1st day of October, 2018, at Guam Customs & Quarantine, Barrigada. *Id.* Count Four to the Sixteenth Charge, Seventeenth Charge, Eighteenth Charge, and Twentieth Charge alleges offenses occurring on the 5th of November, 2018, at Black Construction Co. *Id.* The Nineteenth Charge alleges the offense of Attempted Theft (As a Second Degree Felony) occurring on the 22nd day of November, 2018, at Guam Power Authority Substation, MongMong. *Id.* The alleged charges took place over a period of four months. Each count of Theft (as a Second Degree Felony) alleges that defendants "unlawfully take, obtain or exercise unlawful control over the movable property of [the victim], that is, *miscellaneous items*, with intent to deprive [the victim] thereof, the amount involved exceeding $1,500.00" and each count of Theft by Receiving (As a Second Degree Felony) alleges that defendants "intentionally receive, retain or dispose of the movable property of [the victims], that is *miscellaneous items*,

knowing that it had been stolen or believing that it had probably been stolen, the amount involved exceeding $1,500.00." *Id.*

Although there are different victims alleged in the various counts, the Court finds that the offenses are properly joined because they are of the same or similar character and occurred within a short period of time. *See, e.g., United States v. Chambers*, 964 F.2d 1250, 1250-51 (1st Cir. 1992) (affirming joinder of six robberies involving similar victims over a period of two and a half months); *United States v. Sanders*, 463 F.2d 1086, (8th Cir. 1972) (affirming joinder of counts where offenses were of the same or similar character and occurred eight months apart); *Howard v. United States*, 372 F.2d 294, 301 (9th Cir. 1967), *cert. denied* 388 U.S. 915 (1967) (holding that "the use of multicount indictments charging offenses of similar character is a sanctioned practice); *United States v. Benson*, 199 F.Supp. 2d 735, 736 (finding six counts of bank robbery properly joined under Rule 8(a) because they are of the same or similar character"); *United States v. Rodgers*, 732 F.2d 625, 629 (after examining prior cases where joinder was affirmed for offenses occurring during time periods including eight months, two-years, and five-months, finding "the time-period factor is to be determined on a case-by-case approach; there is no per se rule on when the time period between similar offenses is so great that they may not be joined.").

Nonetheless, even if offenses are properly joined, a court may grant severance of the offenses if the defendant is prejudiced by such joinder. "The prime consideration in determining whether or not to grant a severance is the possibility of prejudice to the defendant in conducting his defense. Weighing the danger of confusion and undue cumulative inference is a matter for the trial judge within his sound discretion." *Johnson v. United States*, 356 F.2d 680, 682 (8th Cir. 1966), *cert. denied* 385 U.S. 857 (1966). "It is not enough simply to show that such joinder makes it more difficult to defend." *Id.* (citations omitted).

Defendant argues that he will be prejudiced by having one single trial on multiple distinct charges, citing to *Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir. 1964) and *McElroy v. United States*, 164 U.S. 76, 80 (1896). *See* Mot. Sever at 4. In *Drew*, the D.C. Circuit Court

of Appeals notes that a defendant may be prejudiced by joinder for one or more of the following reasons:

> (1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find.

331 F.2d at 88. Defendant, however, does not further examine these issues in relation to the instant matter, only simply stating "[a]ll four can be found in this case, and this is a hallmark of American Law." (Mot. at 4).

The Court is not convinced that Defendant will be so prejudiced by having a single trial on all counts charged. "Even where there may be some risk of prejudice, if the possibility of prejudice may be cured by a cautionary instruction severance is not required." *United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993) (citation and quotation marks omitted). *See also United States v. Taylor*, 54 F.3d 967, 974 (1st Cir. 1995) (finding that defendant's "bare allegation that, if the jury were to believe that he was involved in one bank robbery, then it might also (improperly) be led to believe from the fact alone that he was involved in the other, is simply not enough. This type of spillover is standard fare whenever counts involving discrete incidents are linked in a single indictment. We have repeatedly held that such a garden variety side effect, without more, is insufficient to require severance."). "Juries are presumed to follow their instructions." *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (citation omitted). Without more, the Court finds that the use of limiting jury instructions will be sufficient to cure any possible prejudice.

Lastly, the Court notes that the Government's response to the portion of Defendant's Motion requesting severance of his charges from the co-defendants only addresses the request based on co-defendants' assertion of speedy trial rights. *See* Opp'n at 2. The Government does not address whether severance is appropriate or not from co-defendant Dizon specifically, based on potential *Bruton v. United States*, 391 U.S. 123 (1968) issues. *See* Mot. Sever at 4-5.

Therefore, the Court orders the Government to provide a further statement as to its position regarding the appropriateness of severance of Defendant's trial from co-defendant Dizon.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Sever Charges. The Court, however, ORDERS the Government to provide a further statement as to its position regarding Defendant's motion to sever his trial from Co-Defendant Dennis Dizon. Such statement or responsive pleading shall be filed by **October 14, 2019**.

Further Proceedings are set for **October 15, 2019** at **9:00 a.m.**

**IT IS SO ORDERED** this 3rd day of October, 2019.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of
Direct &W· POlE

Date: OCT 0 3 2019 Time: 11 a

Deputy Clerk, Superior Court of Guam:

*People v. Taimanglo, et al.*
Case No. CF0742-18
Decision and Order